IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CYNTHIA K. HUNLEY,                          )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )          No. 3:10-CV-400
                                            )
MICHAEL J. ASTRUE,                          )
Commissioner of Social Security,            )
                                            )
                    Defendant.              )

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of

defendant Commissioner's final decision denying plaintiff's claim for disability insurance

benefits. For the reasons provided herein, defendant's motion for summary judgment [doc.

11] will be denied, and plaintiff's motion for summary judgment [doc. 7] will be granted to

the extent it seeks remand under sentence four of § 405(g).[1]

I.

*Procedural History*

Plaintiff was born in 1968 and applied for benefits in May 2008. She claims

to be disabled by degenerative disc disease. [Tr. 136]. Plaintiff alleges a disability onset date

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

of January 1, 2007. [Tr. 106, 120]. Her applications were denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on February 23, 2010.

In April 2010, the ALJ issued a decision denying benefits. She concluded that plaintiff suffers from the severe impairments of chronic back pain and depression, but that these conditions did not meet or equal any impairment listed by the Commissioner. [Tr. 25-26]. The ALJ ruled that plaintiff retains the residual functional capacity ("RFC") to perform a range of light work. [Tr. 27]. Relying on vocational expert testimony, the ALJ determined that plaintiff remains able to perform her past relevant work as a hair stylist. [Tr. 30]. Plaintiff was accordingly deemed ineligible for benefits.

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 1]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

## II.

### *Medical Record*

Nonexamining state agency physicians Marvin Cohn and Anita Johnson completed Physical RFC Assessment forms in August 2008 and December 2008, respectively. Citing objective evidence of back problems while also noting concerns with plaintiff's credibility, each source opined that plaintiff remains able to work but that she

would be limited to a range of light exertion. [Tr. 339-46, 358-66].

The administrative record indicates a treating relationship with Dr. Mohammad Bhidya from July 2008 through early 2010. In February and December 2009, Dr. Bhidya completed Attending Physician's Statements that plaintiff is "totally disabled" and unable to do any full-time work. [Tr. 371, 387]. Dr. Bhidya recited several symptoms, objective findings, and diagnoses in support. [Tr. 371, 387]. On February 2, 2010, Dr. Bhidya wrote "to whom it may concern" that plaintiff "is not able to lift over 7 lbs." [Tr. 406].

III.

*Analysis*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

3

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

4

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).  Plaintiffs bear the burden of proof at the first four steps.  *Walters*, 127 F.3d at 529.  The burden shifts to the Commissioner at step five.  *See id*.

## A. Remand

A medical source statement that a claimant is simply "disabled" or "unable to work" is not entitled to controlling weight because the ultimate issue of disability is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(e)(1).  Nonetheless, the Commissioner's Social Security Ruling 96-5p clarifies in material part that

> our rules provide that [ALJs] must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. . . .
>
> . . .
>
> . . . [O]pinions from any medical source on issues reserved to the Commissioner must never be ignored.  The [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.  If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

SSR 96-5p, 1996 WL 374183, at *2-3 (July 2, 1996).

5

As noted above, treating physician Bhidya has written that plaintiff is "totally disabled" and unable to lift more than seven pounds. The ALJ's written decision makes no mention whatsoever of Dr. Bhidya's opinions, either in a factual recitation or in an analytical explanation of the rejection of those opinions. Irrespective of whether Dr. Bhidya's views (in whole or in part) may not be entitled to controlling weight because they involve an issue reserved to the Commissioner, the ALJ was required under SSR 96-5p to evaluate the evidence rather than ignoring it. Therefore, on the facts of the present case, the ALJ's breach of her duty under SSR 96-5p leaves her decision unsupported by substantial evidence.

Further, two observations by the ALJ cause concern. In her ruling, the ALJ wrote,

> [T]here are few objective findings in the record to substantiate the claimant's alleged level of pain. She has received pain management therapy for years; however, she has not been hospitalized *nor had surgical intervention* at any point for her back problems. While she alleges degenerative disc disease, *there are no magnetic resonance imagings (MRIs), x-rays, or other tests which substantially verify either the diagnosis* or the severity of her problem.

[Tr. 29] (emphasis added).

In March 2004, orthopaedist Bruce Fry interpreted a CT scan as showing "[l]umbar degenerative disc disease with annular tear at L3-4." [Tr. 226]. In 2006, Dr. Dennis Harris of the Advanced Spine and Rehab Center observed that 2006 discography was "positive for tears at L3-4, L4-5, and L5/S1." [Tr. 249]. Dr. Harris went on to opine that plaintiff *"is not a good candidate for surgical options"* since there are spinal problems at three different levels. [Tr. 249] (emphasis added). The ALJ's comments regarding surgery

6

and lack of supporting objective evidence do not take into account, or explain the dismissal of, the files of Drs. Fry and Harris.[2]

"[T]here is a requirement to consider all relevant evidence in an individual's case record . . . ."  SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).  "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).  Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment . . .." *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996).

The decision below does not reflect the necessary "careful evaluation." Instead, it completely ignores a treating source opinion and other probative evidence, thereby depriving the instant plaintiff (and this reviewing court) of the necessary "informed judgment" through which the denial of benefits could be comprehended.  This matter will therefore be reversed and remanded for further evaluation consistent with the ALJ's statutory and regulatory duties.

## B. Benefits

To the extent that plaintiff asks this court to award benefits rather than remanding her case, that request will be denied.  A reviewing court can reverse and

---

[2]  The court additionally notes that the ALJ did not explain her rejection of the 2008 opinion of examining consultant Dr. Jeffrey Summers, who opined that plaintiff would have difficulty "sitting, standing, or walking for . . . more than six hours total in a single workday." [Tr. 368].

7

immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*

Under *Faucher*, benefits cannot be awarded at this time. As noted above, Drs. Cohn and Johnson feel that plaintiff can still work. Similarly, nonexamining source Karen Lawrence, Ph.D.'s Mental RFC Assessment does not evidence any obviously disabling psychological limitation. [Tr. 347-49].

There may also be credibility issues. For example, it is concerning that at an August 1, 2008 physical examination, plaintiff was described as "very tanned," "well manicured," and exhibiting exaggerated pain behavior. [Tr. 319]. It is also bothersome to the court that at a psychological evaluation four days later, plaintiff claimed to not know what month it was while at the same time admittedly being able to drive, work part-time, raise a child, and attend to her own finances. [Tr. 315-17].

The court is therefore not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id.*

8

IV.

*Conclusion*

The final decision of the Commissioner will be reversed and remanded. The court has considered plaintiff's argument that her case should be reheard by a different ALJ due to bias. Having reviewed the administrative record, the court does not see evidence of bias. Shortcomings in the evaluation of a claim do not in and of themselves equal bias, nor does an ALJ's expression of doubts regarding a claimant's credibility based on the objective administrative record. Plaintiff's request for a new ALJ will therefore be denied.

An order consistent with this opinion will be entered.


ENTER:


_____
        s/ Leon Jordan
     United States District Judge